UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DALE MARTIN,

    Plaintiff,

v.                                    CASE NO.:

PROTEK PROPERTY SOLUTIONS, INC.,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Dale Martin ("Plaintiff"), by and through undersigned counsel, hereby sues Defendant, Protek Property Solutions, Inc., ("Defendant"), and in support of his claims states as follows:

## JURISDICTION AND VENUE

1. This is an action for damages for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and unpaid wages under Florida common law.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as this case arises under the laws of the United States. This action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. This Court has pendent jurisdiction over the state law claims.

3. Venue is proper in this district, because all of the events giving rise to these claims occurred in Hillsborough County.

## PARTIES

4. Plaintiff is a resident of Hillsborough County, Florida.

5. Defendant operates a heating and air conditioning in Brandon, in Hillsborough County, Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent, or they have been waived.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

10. At all times material hereto, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

11. At all times material hereto, Defendant was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

12. Defendant continues to be an "employer" within the meaning of the FLSA.

13. At all times material hereto, Defendant was and continues to be an enterprise engaged in the "providing of services for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r) and 203(s).

14. At all times relevant to this action, the annual gross sales volume of Defendant exceeded $500,000 per year.

15. At all times material hereto, the work performed by Plaintiff was essential to the business performed by Defendant.

## FACTS

16. Plaintiff began working for Defendant as a Lead HVAC Installer in March 2021, and he worked in this capacity until September 24, 2021.

17. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

18. Defendant failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.

19. Plaintiff worked on average sixty-five (65) hours per week.

20. Defendant would change Plaintiff's hours to avoid paying overtime.

21. Defendant would deduct one hour per day supposedly for lunch. However, Plaintiff was required to work through lunch.

22. Defendant's time-keeping system was also programmed to take another hour per day, also supposedly for lunch. However, Plaintiff was required to work through lunch.

23. The lunch related deductions amounted to two hours per day in which Plaintiff would not be paid for his work.

24. In exchange for Plaintiff's services, Defendant agreed to pay Plaintiff weekly at the rate of Twenty-Two Dollars and No Cents ($22.00) per hour plus Fifty Dollars and No Cents ($50.00) as a bonus for each county inspection passed.

25. Defendant failed to pay Plaintiff all wages owed to Plaintiff, including bonuses in the amount of approximately One Thousand Four Hundred Dollars and No Cents ($1,400.00).

26. Defendant withheld the bonuses from Plaintiff and applied the monies towards tools that Defendant purchased but would not release to Plaintiff.

27. Defendant withheld Plaintiff's final paycheck entirely.

28. Plaintiff's bonuses and unpaid wages constitute "wages" under Florida common law, as well as under Fla. Stat. Section 448.08.

29. Defendant's failure to pay Plaintiff all of Plaintiff's wages, including the amounts erroneously deducted for supposed lunches and bonuses in the amount of approximately One Thousand Four Hundred Dollars and No Cents ($1,400.00), was willful.

30. Defendant's actions were willful, and showed reckless disregard for the provisions of the FLSA.

## COUNT I – FLSA OVERTIME VIOLATION

31. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

32. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and he was not compensated for all of these hours in accordance with the FLSA.

33. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

34. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a) Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b) Judgment against Defendant stating that Defendant's violations of the FLSA were willful;

    c) An equal amount to Plaintiff's overtime damages as liquidated damages;

    d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendant's practices as to Plaintiff were unlawful;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

## COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 30 of this Complaint, as though fully set forth herein.

36. Plaintiff worked for Defendant during the statutory period, and Defendant agreed to pay Plaintiff for Plaintiff's services.

37. Defendant failed to compensate Plaintiff with all "wages" owed to Plaintiff, including Plaintiff's two hours per day lunch-deductions, final paycheck, and bonuses.

38. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue and that this Court take jurisdiction over the case;

    c)    Judgment against Defendant for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. §448.08; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 24th day of August, 2022.

        Respectfully submitted,

        */s/ Amanda E. Heystek*
        **AMANDA E. HEYSTEK**
        Florida Bar Number: 0285020
        Direct Dial: 813-379-2560
        DANIEL E. KALTER
        Florida Bar No.: 1025094
        Direct Dial 813-438-8821
        **WENZEL FENTON CABASSA, P.A.**
        1110 N. Florida Avenue, Suite 300
        Tampa, Florida 33602
        Main Number: 813-224-0431
        Facsimile: 813-229-8712
        Email: aheystek@wfclaw.com
        Email: dkalter@wfclaw.com
        Email: rcooke@wfclaw.com
        **Attorneys for Plaintiff**